Rebekah Conroy
**STONE CONROY LLC**
25 A Hanover Road, Suite 301
Florham Park, NJ 07932
Tel: (973) 400-4181
Fax: (973) 498-0070
rconroy@stoneconroy.com

*Of Counsel (Pro Hac Vice Forthcoming)*
Kevin E. Warner (kwarner@rmmslegal.com)
William A. Rakoczy (wrakoczy@rmmslegal.com)
Trang Hoang Lin (lin@rmmslegal.com)
Lauren M. Lesko (llesko@rmmslegal.com)
Daniel Sokoloff (dsokoloff@rmmslegal.com)
**RAKOCZY MOLINO MAZZOCHI SIWIK LLP**
6 West Hubbard Street, Suite 500
Chicago, Illinois 60654
(312) 527-2157

*Attorneys for Plaintiff Nexus Pharmaceuticals, Inc.*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| NEXUS PHARMACEUTICALS, INC., <br><br> Plaintiff, <br><br> v. <br><br> GLAND PHARMA LIMITED, <br><br> Defendant. | Civil Action No. _____ |

### COMPLAINT

Nexus Pharmaceuticals, Inc. ("Nexus"), by its undersigned attorneys, for its complaint against Defendant Gland Pharma Limited ("Gland" or "Defendant"), alleges as follows:

**NATURE OF THE ACTION**

1.      This is a civil action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code, and for a declaratory judgement of patent infringement under 28 U.S.C. §§ 2201 and 2202, that arises out of Gland's submission of Abbreviated New Drug Application ("ANDA") No. 218211 to the U.S. Food and Drug Administration ("FDA") seeking approval to manufacture and sell a generic version of EMERPHED® (ephedrine sulfate injection), 50mg/10mL (5mg/mL) prior to the expiration of U.S. Patent Nos. 11,090,278 ("the '278 patent"), 11,241,400 ("the '400 patent"), 11,478,436 ("the '436 patent"), and 11,426,369 ("the '369 patent"), attached hereto as Exhibit A, Exhibit B, Exhibit C, and Exhibit D, respectively.

**PARTIES**

2.      Nexus is a corporation organized and existing under the laws of the State of Illinois, having its principle place of business at 400 Knightsbridge Parkway, Lincolnshire, Illinois.

3.      Nexus is the holder of New Drug Application No. 213407 for EMERPHED® (ephedrine sulfate injection).

4.      Nexus is the owner and assignee of the '278 patent, the '400 patent, the '436 patent, and the '369 patent.

5.      Upon information and belief, Gland is a limited liability corporation organized under the laws of India, having a principle place of business at Survey No. 143-148, 150 & 151 Near Gandimaisamma 'X' Roads D.P. Pally, Dundigal Gandimaisamma Mandal Medchal-Malkjgiri District, Hyderabad 500043, Telangana, India.

6.      Upon information and belief, Gland is a pharmaceutical company that is "present in sterile injectables, oncology and ophthalmics, and focus[es] on complex injectables, NCE-1s,

2

First-to-File products and 505(b)(2) filings." *See* https://glandpharma.com/ (last accessed on April 10, 2023).

7.      Upon information and belief, Gland derives substantial revenue from the marketing, manufacture, and/or sale of generic pharmaceutical products in the United States and New Jersey.

**JURISDICTION AND VENUE**

8.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

9.      Venue is proper in this district for Gland pursuant to 28 U.S.C. §§ 1391 and 1400(b) at least because, *inter alia*, upon information and belief, Gland is a foreign corporation organized and existing under the laws of India and may be sued in any judicial district in which it is subject to personal jurisdiction, including in this judicial district.

10.     Based on the facts and causes alleged herein, including infringement under 35 U.S.C. § 271(e)(2) by Gland's ANDA and for additional reasons to be further developed through discovery if necessary, this Court has personal jurisdiction over Gland.

11.     This Court has personal jurisdiction over Gland at least because, upon information and belief, Gland directly or indirectly develops, manufactures, markets and/or sells or intends to market and sell generic drugs throughout the United States and in this judicial district.

12.     This Court has personal jurisdiction over Gland at least because, *inter alia*, upon information and belief, (1) Gland itself, and/or in concert with its related entities, has filed an ANDA for the purpose of seeking approval to engage in commercial manufacture, use, offer for sale, sale, and/or importation of the Gland ANDA Product in the United States, including the State of New Jersey; and (2) Gland itself, and/or in concert with its related entities, will market,

distribute, offer for sale, and/or sell the Gland ANDA Product in the United States, including the State of New Jersey, upon approval of ANDA No. 218211, and Gland will derive substantial revenue from the use or consumption of the Gland ANDA Product in the State of New Jersey.

13. On information and belief, if ANDA No. 218211 is approved, the generic product described in ANDA No. 218211 would, among other things, be marketed, distributed, offered for sale, and/or sold in New Jersey, prescribed by physicians practicing in New Jersey, dispensed by pharmacies located within New Jersey, and/or used by patients in New Jersey, all of which would have a substantial effect on New Jersey.

14. Upon information and belief, Gland has litigated previous Hatch-Waxman patent infringement disputes in the District of New Jersey and has not contested jurisdiction and venue in the District of New Jersey in one or more prior cases arising out of the filing of ANDAs, and has filed counterclaims in this District. *See, e.g.*, *Merck Sharp & Dohme LLC v. Gland Pharma Ltd.*, No. 2-22-cv-05461 (D.N.J. Sept. 8, 2022); *Helsinn Healthcare SA v. Gland Pharma Ltd.*, No. 3-22-cv-04635 (D.N.J. Jul. 18, 2022); *Bausch & Lomb Inc. et al. v. Gland Pharma Ltd.*, No. 3-22-cv-04345 (D.N.J. Jun. 30, 2022); *La Jolla Pharm. Co. et al. v. Gland Pharma Ltd. et al.*, No. 2-22-cv-01754 (D.N.J. Mar. 29, 2022); *Aerie Pharms., Inc. et al. v. Gland Pharma Ltd.*, No. 3-22-cv-01359 (D.N.J. Mar. 14, 2022).

15. For at least the above reasons, and for other reasons that will be presented to the Court if jurisdiction is challenged, it would not be unfair or unreasonable for Gland to litigate this action in this District, Gland has availed itself of the rights and benefits of New Jersey law such that it should reasonably anticipate being haled into court in this Judicial District, and Gland is subject to personal jurisdiction in this District.

16.      Upon information and belief, Gland is not subject to jurisdiction in any state's courts of general jurisdiction, and exercising jurisdiction over Gland in the State of New Jersey is consistent with the United States Constitution and laws. *See* Fed. R. Civ. P. 4(k)(2).

17.      Upon information and belief, Gland has designated its outside counsel, Andrew J. Miller, Esq. at Windels Marx Lane & Mittendorf, LLP at 1 Giralda Farms, Suite 100, Madison, New Jersey 07940, as an agent in the United States authorized to accept service of process for Gland, with respect to Gland's ANDA seeking FDA approval for the Gland ANDA Product.

## BACKGROUND

18.      EMERPHED® is sold and marketed under New Drug Application No. 213407, which was approved by the FDA on April 21, 2020.

19.      EMERPHED® is the first and only FDA-approved ready to use ephedrine injection and is supplied, among other presentations, as a single-use 10mL vial containing 50mg ephedrine sulfate.

20.      Ephedrine, the active ingredient in EMERPHED®, is an alpha- and beta-adrenergic agonist and a norepinephrine-releasing agent. EMERPHED® is indicated for the treatment of clinically important hypotension occurring in the setting of anesthesia.

21.      EMERPHED® and/or the use of EMERPHED® according to its FDA-approved prescribing information is a commercial embodiment of the '278 patent, the '400 patent, the '436 patent, and the '369 patent.

22.      The '278 patent, entitled "Compositions comprising ephedrine or an ephedrine salt and methods of making and using same" was duly and legally issued on August 17, 2021.

23. The '278 patent has been listed in connection with EMERPHED® in the FDA's publication Approved Drug Products with Therapeutic Equivalence Evaluations, also known as the "Orange Book."

24. As indicated in the Orange Book, the patent expiration date for the '278 patent is May 16, 2040.

25. The '400 patent, entitled "Compositions comprising ephedrine or an ephedrine salt and methods of making and using same" was duly and legally issued on February 8, 2022.

26. As indicated in the Orange Book, the patent expiration date for the '400 patent is May 16, 2040.

27. The '436 patent, entitled "Compositions comprising ephedrine or an ephedrine salt and methods of making and using same" was duly and legally issued on October 25, 2022.

28. The '436 patent has been listed in connection with EMERPHED® in the FDA's publication Approved Drug Products with Therapeutic Equivalence Evaluations, also known as the "Orange Book."

29. As indicated in the Orange Book, the patent expiration date for the '436 patent is May 16, 2040.

30. The '369 patent, entitled "Compositions Comprising Ephedrine or and Ephedrine Salt and Methods of Making and Using Same" was duly and legally issued on August 30, 2022.

31. The '369 patent expires on May 16, 2040.

32. Upon information and belief, Gland prepared ANDA No. 218211.

33. By letter dated March 1, 2023 ("the Notice Letter"), Gland notified Nexus pursuant to the Federal Food, Drug, and Cosmetic Act ("FDCA") that Gland had submitted to the FDA ANDA No. 218211, seeking approval from the FDA to engage in the commercial manufacture,

use and/or sale of a generic Ephedrine Sulfate Injection USP, 50mg/10mL (5 mg/mL) single dose vials ("Gland's ANDA Product") prior to the expiration of the '278 patent, the '400 patent, and the '436 patent.

34.     Upon information and belief, Gland submitted ANDA No. 218211 to the FDA, which contained a certification of the type described in Section 505(j)(2)(A)(vii)(IV) of the FDCA ("Paragraph IV Certification") asserting that the '278 patent, the '400 patent, and the '436 patent will not be infringed by the manufacture, use, offer for sale, sale, or importation of Gland's ANDA Product, or alternatively, that these patents are invalid.

35.     Upon information and belief, Gland's ANDA Product is a drug product that is a generic version of EMERPHED® (ephedrine sulfate injection), 50mg/10ml (5 mg/mL), as its reference listed drug, containing the same or equivalent ingredients in the same or equivalent amounts.

36.     In the Notice Letter, Gland disclosed that the active ingredient of Gland's ANDA product is ephedrine sulfate.

37.     Upon information and belief, Gland's ANDA product is a ready to use pre-mixed composition to be stored at the same or equivalent conditions as EMERPHED®.

38.     Upon information and belief, Gland's ANDA product contains ephedrine sulfate, sodium chloride, and water in the same or equivalent amounts as EMERPHED®. Upon information and belief, Gland's ANDA product does not contain a preservative.

39.     Upon information and belief, Gland's ANDA product will feature the same or equivalent chemical properties as EMERPHED®.

40.     Upon information and belief, Gland's ANDA product will be manufactured using the same or equivalent methods as EMERPHED®.

41.    Upon information and belief, Gland's ANDA product will use the same or an equivalent container to EMERPHED®.

42.    Upon information and belief, Gland's ANDA product will be sterilized in the same or an equivalent method to EMERPHED®.

43.    Upon information and belief, Gland's ANDA product is to be stored at the same or equivalent conditions as EMERPHED®.

44.    Upon information and belief, Gland seeks approval for the Gland ANDA Product to be indicated for the treatment of clinically important hypotension occurring in the setting of anesthesia.

45.    Upon information and belief, the proposed labeling for Gland's ANDA product recommends, instructs, and/or promotes administration of Gland's ANDA product to patients for the treatment of clinically important hypotension occurring in the setting of anesthesia.

46.    Upon information and belief, the proposed labeling for Gland's ANDA product recommends, instructs, and/or promotes administration to patients by drawing the composition into a syringe and injecting the composition into a patient using the syringe without dilution.

47.    Any final approval of Gland's ANDA shall be effective no earlier than September 2, 2025.  *See* 21 U.S.C. § 355(j)(5)(B)(iii).

**COUNT I – INFRINGEMENT OF**
**U.S. PATENT NO. 11,090,278  UNDER 35 U.S.C. § 271(e)(2)**

48.    Nexus repeats and re-alleges each of the foregoing paragraphs as if fully set forth herein.

49.    Gland's submission of ANDA No. 218211 for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Gland's

ANDA Product prior to the expiration of the '278 patent was an act of infringement of the '278 patent under 35 U.S.C. § 271(e)(2)(A).

50. Upon information and belief, Gland will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Gland's ANDA Product with its proposed labeling upon FDA approval of ANDA No. 218211.

51. Upon information and belief, the use of Gland's ANDA Product in accordance with and as directed by Gland's proposed labeling for that product would infringe one or more claims of the '278 patent, either literally or under the doctrine of equivalents.

52. Upon information and belief, the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Gland's ANDA Product would induce or contribute to infringement of one or more claims of the '278 patent, either literally or under the doctrine of equivalents.

53. Upon information and belief, Gland plans and intends to, and will, actively induce infringement of the '278 patent when ANDA No. 218211 is approved, and plans and intends to, and will, do so after approval.

54. Upon information and belief, Gland knows that its ANDA Product and its proposed labeling are especially made or adapted for use in infringing one or more claims of the '278 patent, either literally or under the doctrine of equivalents, and that its ANDA Product and its proposed labeling are not suitable for substantial non-infringing use.

55. Upon information and belief, Gland plans and intends to, and will, contribute to infringement of the '278 patent after approval of ANDA No. 218211.

56.    The foregoing actions by Gland constitute and/or will constitute infringement of the '278 patent, active inducement of infringement of the '278 patent, and contribution to the infringement by others of the '278 patent.

57.    Upon information and belief, Gland has acted with full knowledge of the '278 patent and without a reasonable basis for believing that it would not be liable for infringing the '278 patent, actively inducing infringement of the '278 patent, and/or contributing to the infringement by others of the '278 patent.

58.    This case is "exceptional," and Nexus is entitled to an award of reasonable attorneys' fees under 35 U.S.C. § 285.

59.    Unless Gland is enjoined from infringing the '278 patent, actively inducing infringement of the '278 patent, and contributing to the infringement by others of the '278 patent, Nexus will suffer irreparable injury. Nexus has no adequate remedy at law.

## COUNT II – INFRINGEMENT OF
## U.S. PATENT NO. 11,241,400 UNDER 35 U.S.C. § 271(e)(2)

60.    Nexus repeats and re-alleges each of the foregoing paragraphs as if fully set forth herein.

61.    Gland's submission of ANDA No. 218211 for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Gland's ANDA Product prior to the expiration of the '400 patent was an act of infringement of the '400 patent under 35 U.S.C. § 271(e)(2)(A).

62.    Upon information and belief, Gland will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Gland's ANDA Product with its proposed labeling upon FDA approval of ANDA No. 218211.

10

63. Upon information and belief, the use of Gland's ANDA Product in accordance with and as directed by Gland's proposed labeling for that product would infringe one or more claims of the '400 patent, either literally or under the doctrine of equivalents.

64. Upon information and belief, the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Gland's ANDA Product would induce or contribute to infringement of one or more claims of the '400 patent, either literally or under the doctrine of equivalents.

65. Upon information and belief, Gland plans and intends to, and will, actively induce infringement of the '400 patent when ANDA No. 218211 is approved, and plans and intends to, and will, do so after approval.

66. Upon information and belief, Gland knows that its ANDA Product and its proposed labeling are especially made or adapted for use in infringing one or more claims of the '400 patent, either literally or under the doctrine of equivalents, and that its ANDA Product and its proposed labeling are not suitable for substantial non-infringing use.

67. Upon information and belief, Gland plans and intends to, and will, contribute to infringement of the '400 patent after approval of ANDA No. 218211.

68. The foregoing actions by Gland constitute and/or will constitute infringement of the '400 patent, active inducement of infringement of the '400 patent, and contribution to the infringement by others of the '400 patent.

69. Upon information and belief, Gland has acted with full knowledge of the '400 patent and without a reasonable basis for believing that it would not be liable for infringing the '400 patent, actively inducing infringement of the '400 patent, and/or contributing to the infringement by others of the '400 patent.

70.     This case is "exceptional," and Nexus is entitled to an award of reasonable attorneys' fees under 35 U.S.C. § 285.

71.     Unless Gland is enjoined from infringing the '400 patent, actively inducing infringement of the '400 patent, and contributing to the infringement by others of the '400 patent, Nexus will suffer irreparable injury.  Nexus has no adequate remedy at law.

## COUNT III – INFRINGEMENT OF
## U.S. PATENT NO. 11,478,436 UNDER 35 U.S.C. § 271(e)(2)

72.     Nexus repeats and re-alleges each of the foregoing paragraphs as if fully set forth herein.

73.     Gland's submission of ANDA No. 218211 for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Gland's ANDA Product prior to the expiration of the '436 patent was an act of infringement of the '436 patent under 35 U.S.C. § 271(e)(2)(A).

74.     Upon information and belief, Gland will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Gland's ANDA Product with its proposed labeling upon FDA approval of ANDA No. 218211.

75.     Upon information and belief, the use of Gland's ANDA Product in accordance with and as directed by Gland's proposed labeling for that product would infringe one or more claims of the '436 patent, either literally or under the doctrine of equivalents.

76.     Upon information and belief, the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Gland's ANDA Product would induce or contribute to infringement of one or more claims of the '436 patent, either literally or under the doctrine of equivalents.

77. Upon information and belief, Gland plans and intends to, and will, actively induce infringement of the '436 patent when ANDA No. 218211 is approved, and plans and intends to, and will, do so after approval.

78. Upon information and belief, Gland knows that its ANDA Product and its proposed labeling are especially made or adapted for use in infringing one or more claims of the '436 patent, either literally or under the doctrine of equivalents, and that its ANDA Product and its proposed labeling are not suitable for substantial non-infringing use.

79. Upon information and belief, Gland plans and intends to, and will, contribute to infringement of the '436 patent after approval of ANDA No. 218211.

80. The foregoing actions by Gland constitute and/or will constitute infringement of the '436 patent, active inducement of infringement of the '436 patent, and contribution to the infringement by others of the '436 patent.

81. Upon information and belief, Gland has acted with full knowledge of the '436 patent and without a reasonable basis for believing that it would not be liable for infringing the '436 patent, actively inducing infringement of the '436 patent, and/or contributing to the infringement by others of the '436 patent.

82. This case is "exceptional," and Nexus is entitled to an award of reasonable attorneys' fees under 35 U.S.C. § 285.

83. Unless Gland is enjoined from infringing the '436 patent, actively inducing infringement of the '436 patent, and contributing to the infringement by others of the '436 patent, Nexus will suffer irreparable injury. Nexus has no adequate remedy at law.

13

## COUNT IV – INFRINGEMENT OF
## U.S. PATENT NO. 11,426,369 UNDER 35 U.S.C. § 271(e)(2)

84.     Nexus repeats and re-alleges each of the foregoing paragraphs as if fully set forth herein.

85.     Gland's submission of ANDA No. 218211 for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Gland's ANDA Product prior to the expiration of the '369 patent was an act of infringement of the '369 patent under 35 U.S.C. § 271(e)(2)(A).

86.     Upon information and belief, Gland will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Gland's ANDA Product with its proposed labeling upon FDA approval of ANDA No. 218211.

87.     Upon information and belief, the manufacture, use in accordance with and as directed by Gland's proposed labeling for that product, sale, offer for sale and/or importation of Gland's ANDA Product would infringe one or more claims of the '369 patent, either literally or under the doctrine of equivalents.

88.     Upon information and belief, the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Gland's ANDA Product would induce or contribute to infringement of one or more claims of the '369 patent, either literally or under the doctrine of equivalents.

89.     Upon information and belief, Gland plans and intends to, and will, actively induce infringement of the '369 patent when ANDA No. 218211 is approved, and plans and intends to, and will, do so after approval.

90.     Upon information and belief, Gland knows that its ANDA Product and its proposed labeling are especially made or adapted for use in infringing one or more claims of the '369 patent,

14

either literally or under the doctrine of equivalents, and that its ANDA Product and its proposed labeling are not suitable for substantial non-infringing use.

91.    Upon information and belief, Gland plans and intends to, and will, contribute to infringement of the '369 patent after approval of ANDA No. 218211.

92.    The foregoing actions by Gland constitute and/or will constitute infringement of the '369 patent, active inducement of infringement of the '369 patent, and contribution to the infringement by others of the '369 patent.

93.    Upon information and belief, Gland has acted with full knowledge of the '369 patent and without a reasonable basis for believing that it would not be liable for infringing the '369 patent, actively inducing infringement of the '369 patent, and contributing to the infringement by others of the '369 patent.

94.    This case is "exceptional," and Nexus is entitled to an award of reasonable attorneys' fees under 35 U.S.C. § 285.

95.    Unless Gland is enjoined from infringing the '369 patent, actively inducing infringement of the '369 patent, and contributing to the infringement by others of the '369 patent, Nexus will suffer irreparable injury.  Nexus has no adequate remedy at law.

## **PRAYER FOR RELIEF**

WHEREFORE, Nexus requests the following relief:

a.    A judgment, pursuant to 35 U.S.C. § 271(e)(2)(A), that Gland has infringed the '278 patent, the '400 patent, '436 patent, and the '369 patent by submitting to the FDA ANDA No. 218211 with a paragraph IV certification with respect to the '278 patent, the '400 patent, and '436 patent, for the purpose of obtaining approval for the commercial manufacture, use, and/or

15

sale of Gland's ANDA Product before the expiration of the '278 patent, the '400 patent, the '436 patent, and the '369 patent;

b.    A judgment, pursuant to 35 U.S.C. § 271(a), (b), and/or (c), declaring that the commercial manufacture, use, offering to sell, or sale within the United States, and/or importation into the United States of Gland's ANDA Product before the expiration of the '278 patent, the '400 patent, the '436 patent, and the '369 patent (including any regulatory extensions), will infringe, actively induce infringement of, and/or contribute to the infringement by others of the '278 patent, the '400 patent, the '436 patent, and the '369 patent;

c.    An order, pursuant to 35 U.S.C. § 271(e)(4)(A), § 281, and § 283, that the effective date of any final approval of ANDA No. 218211 shall be no earlier than the date on which the '278 patent, the '400 patent, the '436 patent, and the '369 patent expire, inclusive of any extension or additional period of exclusivity;

d.    A judgment that the '278 patent, the '400 patent, the '436 patent, and the '369 patent are valid and enforceable;

e.    An order pursuant to, *inter alia*, 35 U.S.C. § 271(e)(4)(A) that the effective date of any FDA approval for Gland to make, use, offer for sale, sell, market, distribute, or import Gland's ANDA Product, or any product or compound the making, using, offering for sale, sale, marketing, distribution, or importation of which infringes the '278 patent, the '400 patent, the '436 patent, and/or the '369 patent, be no earlier than the expiration date of the '278 patent, the '400 patent, the '436 patent, and the '369 patent inclusive of any extension(s) or additional period(s) of exclusivity;

f.    An order for preliminary and permanent injunction pursuant to, *inter alia*, 35 U.S.C. § 271(e)(4)(B) and 35 U.S.C. § 283 enjoining Gland, its officers, agents, servants, employees and

16

attorneys, and all persons acting in concert with them, from making, using, selling, offering for sale, marketing, distributing, or importing Gland's ANDA Product, or any product the making, using, offering for sale, sale, marketing, distribution, or importation of which infringes the '278 patent, the '400 patent, the '436 patent, and/or the '369 patent or the inducement of or the contribution to any of the foregoing, prior to the expiration of the '278 patent, the '400 patent, the '436 patent, and the '369 patent inclusive of any extension or additional period of exclusivity;

g.       An award, pursuant to 35 U.S.C. § 271(e)(4)(C) and § 284, of damages or other monetary relief to compensate Nexus if Gland engages in the manufacture, use, offer for sale, sale, marketing, distribution, or importation of Gland's ANDA Product, or any product the making, using, offering for sale, sale, marketing, distribution, or importation of which infringes the '278 patent, the '400 patent, the '436 patent, and/or the '369 patent or the inducement of or the contribution to any of the foregoing, prior to the expiration date of the '278 patent, the '400 patent, the '436 patent, and the '369 patent inclusive of any extension(s) and additional period(s) of exclusivity, in accordance with 35 U.S.C. § 271(e)(4)(C);

h.       A judgment pursuant to 35 U.S.C. § 271(e)(4)(C) and § 284 declaring that Gland's infringement of the '278 patent, the '400 patent, the '436 patent, and the '369 patent is willful and awarding Nexus enhanced damages if Gland commercially manufactures, uses, offers to sell, or sells within the United States, and/or imports into the United States any product that is the subject of Gland's ANDA, prior to the expiration of the '278 patent, the '400 patent, the '436 patent, and the '369 patent (including any regulatory extensions);

i.       A judgment pursuant to 35 U.S.C. § 285 that this case against Gland is an exceptional case and an award of attorneys' fees and costs; and

j.       Such further and other relief as this Court may deem just and proper.

17

Dated: April 10, 2023                    Respectfully submitted,

                                         /s/Rebekah Conroy
                                         Rebekah Conroy
                                         **STONE CONROY LLC**
                                         25 A Hanover Road, Suite 301
                                         Florham Park, NJ 07932
                                         Tel: (973) 400-4181
                                         Fax: (973) 498-0070
                                         rconroy@stoneconroy.com


                                         *Of Counsel (Pro Hac Vice Forthcoming)*
                                         Kevin E. Warner (kwarner@rmmslegal.com)
                                         William A. Rakoczy (wrakoczy@rmmslegal.com)
                                         Trang Hoang Lin (lin@rmmslegal.com)
                                         Lauren M. Lesko (llesko@rmmslegal.com)
                                         Daniel Sokoloff (dsokoloff@rmmslegal.com)
                                         **RAKOCZY MOLINO MAZZOCHI SIWIK LLP**
                                         6 West Hubbard Street, Suite 500
                                         Chicago, Illinois 60654
                                         (312) 527-2157

                                         *Attorneys for Plaintiff Nexus Pharmaceuticals,
                                         Inc.*

18

## CERTIFICATION PURSUANT TO LOCAL CIVL RULES 11.2 AND 40.1

I, Rebekah R. Conroy, admitted to the bars of the State of New Jersey and this Court and an attorney with the law firm of Stone Conroy LLC, counsel for Plaintiff Nexus Pharmaceuticals, Inc. in the above-captioned matter, hereby certify that the matter in controversy is not the subject of any other pending or anticipated litigation in any court or arbitration proceeding.  Nexus has asserted one of the four patents in this case in the following pending matter in this Judicial District: *Nexus Pharmaceuticals, Inc. v. Nevakar, Inc. et al.*, 1-22-cv-06030 (D.N.J. 2022) (consolidated with Civil Action No. 1:22-CV-05683); and Nexus has asserted two of the four patents in this case in the following pending matter in this Judicial District: *Nexus Pharmaceuticals, Inc. v. Somerset Pharma, LLC*, 3-23-cv-01248 (D.N.J. 2023).  The following matter is pending in the District of Delaware: *Nexus Pharmaceuticals, Inc. v. Exela Pharma Sciences, LLC*, 1:22-cv-01233 (D. Del. 2022).

Dated: April 10, 2023                              Respectfully submitted,

/s/Rebekah Conroy
Rebekah Conroy
**STONE CONROY LLC**
25 A Hanover Road, Suite 301
Florham Park, NJ 07932
Tel: (973) 400-4181
Fax: (973) 498-0070
rconroy@stoneconroy.com

*Of Counsel (Pro Hac Vice Forthcoming)*
Kevin E. Warner (kwarner@rmmslegal.com)
William A. Rakoczy (wrakoczy@rmmslegal.com)
Trang Hoang Lin (lin@rmmslegal.com)
Lauren M. Lesko (llesko@rmmslegal.com)
Daniel Sokoloff (dsokoloff@rmmslegal.com)
**RAKOCZY MOLINO MAZZOCHI SIWIK LLP**
6 West Hubbard Street, Suite 500
Chicago, Illinois 60654
(312) 527-2157

19

*Attorneys for Plaintiff Nexus Pharmaceuticals, Inc.*